**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins**

**KRISTOPHER CURRENCE** and
**TRINITY CURRENCE**,

        Plaintiffs,

    v.                        **Civil Action No. 2:20-CV-10**
                                        Judge Bailey

**WOLF RUN MINING, LLC** and
**ARCH COAL, INC.**,

        Defendants.

## ORDER DENYING MOTION TO REMAND

Pending before this Court is Plaintiffs' Kristopher Currence and Trinity Currence's Motion to Remand [Doc. 6].  In their Motion, the plaintiffs contend that there is not complete diversity between the plaintiffs and the defendants and, therefore, this Court lacks jurisdiction to hear this case.  They seek an order remanding this case back to the Circuit Court of Barbour County, West Virginia.

On November 18, 2019, the plaintiffs filed their Complaint in the Circuit Court of Barbour County, West Virginia, alleging that Wolf Run and Arch Coal subjected Kristopher Currence to a hostile and offensive working environment in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq*., based upon unwanted and unwelcome sexual harassment, offensive touching, groping, innuendos, crude jukes and comments, and dirty tricks [Doc. 1-1].  The defendants were served with summons and Complaint on March 3, 2020.

On March 20, 2020, the defendants removed this case to this Court.  In their Notice of Removal [Doc. 1], the defendants pled that Arch Coal is a Delaware corporation with its principal place of business in St. Louis, Missouri.  The defendants also state that Wolf Run, LLC, is a West Virginia limited liability company, which is wholly owned by Hunter Ridge, LLC.  In turn, Hunter Ridge, LLC is wholly owned by the Arch Coal Operations LLC.  Arch Coal Operations LLC is owned by three entities: Arch Coal, Inc. (42.2%), Arch Coal Group, LLC (56.8%), and Hunter Ridge Holdings, Inc. (1%).

In their response to the Motion to Remand, the defendants provided documentation concerning their citizenship.

The citizenship of a limited liability company is determined by the citizenship of all of its members.  *Cent. W. Va. Energy Co., Inc. v. Mountain St. Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004));  *Saxon Fibers, LLC. v. Wood*, 118 Fed. Appx. 750, 753 (4th Cir. 2005) (citing *Exro Ltda*, 388 F.3d at 120).

As noted by defendants, this is true regardless of whether the party is a "manager-managed limited liability company":

> While a manager-managed limited liability company looks and acts somewhat like a corporation, especially with regard to derivative actions and members' claims, this argument misses the mark.  A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under [28 U.S.C.] section 1332 until Congress says otherwise. . . . It is an unincorporated association, akin to a partnership for

2

diversity purposes, whose citizenship is that of its members.

*Gen. Tech. Applications*, 388 F.3d at 121 (citing *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990))); *Markwest Liberty Midstream & Res., L.L.C. v. Bilfinger Westcon, Inc.*, 2016 WL 6553591, at *2 (N.D. W.Va. Nov. 4, 2016) (not reported) (Bailey, J.); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (for the purpose of diversity jurisdiction, "The state of organization and the principal place of business of an unincorporated association are legally irrelevant." (footnote omitted)); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 350-52 (3d Cir. 2013) (determining the citizenship of a manager-managed limited liability company on the basis of its owner and stating, "form matters for purposes of establishing jurisdiction, and the distinction between a corporation and an unincorporated entity has tremendous jurisdictional significance.  The Supreme Court has emphasized that, although a corporation has citizenship, unincorporated entities do not, regardless of their substantive similarities to corporations.") (citing *Carden,* 494 U.S. at 195)); *Anaya v. Lowe's Home Centers, LLC*, 2014 WL 2199878, at *2 (S.D. Cal. May 27, 2014) (not reported) (determining the citizenship of a manager-managed LLC according to the citizenship of its sole member); *Frith v. Martinsville Thermal, LLC*, 2006 WL 1400946, at *3 (W.D. Va. May 19, 2006) (not reported) (Turk, J.) (following the rule for determining an LLC's citizenship set forth in *Gen. Tech. Applications, Inc.*, 388 F.3d at 121).

"As such, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" *Markwest*, 2016 WL

6553591, at *2 (quoting *Hunt v. Brooks Run Mining Co., LLC*, 2013 WL 4829322, at *2 (S.D. W.Va. 2013) (citing *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002))).

District courts have original jurisdiction in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   28 U.S.C. § 1332(a)(1).   "[T]he statutory formulation 'between . . . citizens of different States' . . . require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).   In other words, "the citizenship of each plaintiff" must be diverse "from the citizenship of each defendant."   *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In this case, none of the defendants are citizens of West Virginia.  Accordingly, there is complete diversity between the plaintiffs and defendants, and this Court has diversity jurisdiction.

For the reasons stated above,  Plaintiffs' Kristopher Currence and Trinity Currence's Motion to Remand [**Doc. 6**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April 30, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

4