## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**KRISTOPHER CURRENCE** and
**TRINITY CURRENCE**,

      Plaintiffs,

v.
                                    **Civil Action No. 2:20-CV-10
(BAILEY)**

**WOLF RUN MINING, LLC** and
**ARCH COAL, INC.**,

      Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING
### IN PART DEFENDANTS' MOTION TO DISMISS

Pending before this Court is Defendants' Motion to Dismiss, in Part, the Amended Complaint [Doc. 21]. The Motion is fully briefed and is ripe for decision. For the reasons that follow, the Court will grant the Motion in part.

### BACKGROUND

As alleged in the Complaint, plaintiff Kristopher Currence was employed by defendants at the Sentinel Mine Complex in Barbour County, West Virginia. [Doc. 16 at ¶ 4]. Count I of the Complaint alleges that during his employment there, defendants "created and promoted a hostile and offensive working environment that was permeated with a culture of persistent sexual harassment. . . ." [Id. at ¶ 6]. Currence was subjected to multiple acts of sexual assault and groping which he alleges were caused by defendants' failure to eliminate hostile working conditions. [Id. at ¶ 9, 37–38]. These included being punched in the genitals, which caused Currence to suffer permanent physical injuries. [Id. at ¶ 38]. Currence seeks damages for violations of the West Virginia Human Rights Act for "physical injuries, pain and suffering, humiliation, embarassment,

emotional stress, annoyance and inconvenience, and the inability to enjoy life in the future." [Id. at ¶ 33, 40]. In addition, Tiffany Currence, Kristopher Currence's wife, seeks damages for related loss of consortium.[1]   [Id. at ¶ 47].

On July 18, 2020, defendants filed a Motion to Dismiss, in Part, the Amended Complaint [Doc. 21]. Therein, defendants contend that the sexual harassment and derivative loss of consortium are barred insofar as they seek compensation for physical injuries as defendants are immune from such damages under the Workers' Compensation Act. [Doc. 21 at 1-2]. Accordingly, they ask that this Court dismiss Count I of the Complaint to the extent it seeks damages for those injuries. [Id. at 2].

## LEGAL STANDARD

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (applying the *Twombly* standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and

---

[1]The Court notes that the Complaint also includes Counts for Wrongful Discharge and Tortious Interference with Employment; those are not addressed here as the Motion to Dismiss deals only with Count I.

other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## ANALYSIS

In analyzing the immunity provided by the Workers' Compensation Act, the Supreme Court of Appeals of West Virginia has held that:

> The Legislature intended for W.Va.Code § 23–2–6 (1991) to provide qualifying employers sweeping immunity from common-law tort liability for negligently inflicted injuries. As this Court succinctly stated in *State ex rel. Frazier v. Hrko*, 203 W.Va. 652, 659, 510 S.E.2d 486, 493 (1998), "[w]hen an employer subscribes to and pays premiums into the Fund, and complies

3

with all other requirements of the Act, the employer is entitled to immunity for any injury occurring to an employee and 'shall not be liable to respond in damages at common law or by statute.' W.Va.Code § 23–2–6 [1991]." This immunity is not easily forfeited. As suggested in *Smith v. Monsanto Company*, 822 F.Supp. 327, 330 (S.D.W.Va.1992), "an employer who is otherwise entitled to immunity under § 23–2–6 may lose that immunity in only one of two ways: (1) by defaulting in payments required by the Act or otherwise failing to comply with the provisions of the Act, see W.Va.Code § 23–2–8, or (2) by deliberately intending to produce injury or death to the employee." (Citation omitted.)

*Bias v. Eastern Associated Coal Corp.*, 220 W.Va. 190, 194, 640 S.E.2d 540, 544 (2006). The Supreme Court of Appeals has likewise examined the scope of immunity provided by the Workers' Compensation Act when a plaintiff brings claims under the West Virginia Human Rights Act:

To the extent that [(1)] a worker's injuries are directly and proximately caused by the unlawful discriminatory acts of his or her employer, **and** [(2)] are of a type not otherwise recoverable under the Workers' Compensation Act, we hold that the exclusivity provision of the Workers' Compensation Act is inapplicable as the Legislature did not intend such injuries to fall within the types of injuries for which the Workers' Compensation Act was established. Thus, while an aggravation or worsening of an employee's physical injury by the conduct of his/her employer may be compensable under and thus

4

subject to, the exclusive remedy provided by the Workers' Compensation
Act, an employee's claim against an employer for violation of The West
Virginia Human Rights Act and resulting non-physical injuries, such as
mental and emotional distress and anguish, directly and proximately resulting
from such violation and not associated with the physical injury or the
aggravation or worsening thereof are not barred by the exclusivity provisions
of the Workers Compensation Act, W.Va. Code § 23-2-6  (2003) and -6a
(1949).

*Messer v. Huntington Anesthesia Group, Inc.*, 218 W.Va. 4, 20–21, 620 S.E.2d 144,
160–161 (2005).  Assuming the allegations of the Amended Complaint to be true, the first
requirement, that the injuries at issue in the instant motion were directly and proximately
caused by the unlawful discriminatory acts of his or her employer, is met.  Plaintiffs allege
that defendants' failure to eliminate working conditions in which sexual harassment was
pervasive caused Kristopher Currence to be sexually assaulted and punched in the
genitals by another employee, causing him permanent injuries to his genitals.

At issue here is the second *Messer* requirement, that the injuries "are of a type not
otherwise recoverable under the Workers' Compensation Act."   Plaintiffs argue that
*Messer* is distinguishable from this case.  They argue that whereas the injury in *Messer*
occurred in the performance of job duties, the alleged injuries here occurred as a result of
a pattern of sexual harassment and are therefore not "arising from covered employment"
as required by West Virginia Code § 23-4-1(a).  [Doc. 27 at 6].  However, the injuries as
alleged appear to be recoverable under the Workers' Compensation Act.   "[I]njuries

5

resulting from an assault by a fellow employee are generally compensable." *Geeslin v. Workmen's Comp. Com'r*, 170 W.Va. 347, 354, 294 S.E.2d 150, 157 (1982); *see also Tolliver v. Kroger Co.*, 201 W.Va. 509, 498 S.E.2d 702 (1997) (allegation that plaintiff was physically assaulted by supervisor was not enough to satisfy a pleading of deliberate intention under W.Va. Code § 23-4-2). Accordingly, this Court finds that the *physical* injuries to Kristopher Currence resulting from conduct to be compensable under the Workers' Compensation Act. Thus, defendants are immune from liability for such damages, and this Court will dismiss that portion of Count I. It is clear from *Messer*, and defendants do not dispute, that this immunity does not extend to nonphysical injuries sustained as a result of violations of the West Virginia Human Rights Act.

Nor does the immunity extend to plaintiff Trinity Currence's loss of consortium claim. As above, the complaint alleges that these injuries were caused by the unlawful discriminatory acts of defendants; however, unlike Kristopher Currence's physical injuries, the alleged loss of consortium is not recoverable under the Workers' Compensation Act. *See Henry v. Benyo*, 203 W.Va. 172, 179, 506 S.E.2d 615, 622 (1998) ("losses that are not covered by workers' compensation" include loss of consortium); *Bias v. Eastern Associated Coal Corp.*, 220 W.Va. 190, 208, 640 S.E.2d 540, 558 (2006) (Davis, C.J., concurring) ("Workers' compensation has never been intended to make the employee whole—it excludes benefits . . . for loss of consortium"). Accordingly, this Court does not dismiss any portion of Count I relating to Trinity Currence's loss of consortium.

## CONCLUSION

Upon consideration of the above, Defendants' Motion to Dismiss, in Part, the Amended Complaint **[Doc. 21]** is hereby **GRANTED IN PART**.  The portion of Count I of the Complaint which seeks damages for Kristopher Currence's physical injuries is **DISMISSED.**

It is so **ORDERED**.

DATED: July **27**, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**

7